UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DESIREE LEE SALTKILL, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-00645-XR |
| | § | |
| U.S. DEPARTMENT OF THE | § | |
| TREASURY, IN BOTH OFFICIAL AND | § | |
| PRIVATE CAPACITIES, SCOTT | § | |
| BESSENT, IN BOTH HIS OFFICIAL | § | |
| AND PRIVATE CAPACITIES, | § | |
| SECRETARY OF THE TREASURY; | § | |
| *Defendants* | § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendants United States Department of the Treasury and Secretary of the Treasury Scott Bessent's Motion to Dismiss (ECF No. 31).  After careful consideration, the Motion is **GRANTED IN PART AND DENIED IN PART.**

### BACKGROUND[1]

In May 2025, Plaintiff Desiree Lee Saltkill "transmitted a verified administrative package" consisting of several documents "to the Department of the Treasury."  ECF No. 29 at 4–5.  By sending this "administrative package," Saltkill seemingly wanted to get the Department of Treasury to pay certain private expenses on her behalf.  *See* ECF No. 29 at 5.  The Department of Treasury has not acknowledged or responded to Saltkill's "administrative package."  *Id.*

On August 4, 2025, Saltkill submitted a Freedom of Information Act ("FOIA") request seeking various documents from the Department of Treasury.  *Id.*  On August 15, 2025, the

---

[1] These facts are derived from the Second Amended Complaint (ECF No. 29), taking "all well-pleaded facts as true and view[ing] those facts in the light most favorable to the plaintiff[]." *See Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

Department acknowledged receipt of the request, stated that it had "initiated a search," and indicated that "'unusual circumstances' might delay processing." ECF No. 29 at 8. As of October 26, 2025, it had not made a final determination on this FOIA request. ECF No. 29 at 9.

On October 24, 2025, Saltkill filed an administrative appeal regarding the August FOIA request. ECF No. 29 at 10. The same day, she submitted another FOIA request to the Department of Treasury and the Bureau of the Fiscal Service, "seeking intake logs, routing records, posting and endorsement records, SOPs,[2] and related accounting materials concerning Plaintiff's tendered instruments and estate identifiers." ECF No. 29 at 9. Also on October 24, 2025, Saltkill submitted a Privacy Act request to the Department of Treasury and the Bureau of the Fiscal Service, seeking:

a.  all records "about" Plaintiff related to the receipt, intake, routing, scanning, posting, endorsement, disposition, or referral of her mailed instruments;
b.  any related notes, ledgers, routing entries, intake logs, chain-of-custody records, images, or determinations; and
c.  correction or annotation if any such records are inaccurate, incomplete, untimely, or misleading.

ECF No. 29 at 13.

Saltkill filed her Second Amended Complaint two days after submitting her October FOIA request and her Privacy Act Request. *See* ECF No. 29. Naturally, she had not received a response to either at that time. ECF No. 29 at 9, 13.

Saltkill brings claims against Defendants the U.S. Department of Treasury and Secretary of Treasury Scott Bessent in his official capacity. ECF No. 29. Her claims are under the Administrative Procedure Act ("APA"), FOIA, the Privacy Act, and the Mandamus statute, 28 U.S.C. § 1361. Defendants move to dismiss for lack of jurisdiction and failure to state a claim.

---

[2] The Operative Complaint does not indicate what "SOP" means.

ECF No. 31; Fed. R. Civ. P. 12(b)(1), (b)(6).  Saltkill has not filed a response to the motion, and her deadline to do so has passed.

## DISCUSSION[3]

### I.    Legal Standards

#### a.  Rule 12(b)(1) Standard

A Rule 12(b)(1) motion seeks dismissal for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In ruling on a Rule 12(b)(1) motion, a court may rely on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).  "Because [the] issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977)).  In short, a plaintiff's allegations are not presumed true, and the Court may resolve factual disputes to determine whether it has jurisdiction.  *Id.* at 413.  Materials such as affidavits and regulations can be considered when relevant.  *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

"The United States has sovereign immunity from any lawsuit, unless that sovereign immunity has been waived." *M.D.C.G. v. United States*, 956 F.3d 762, 767–68 (5th Cir. 2020).  Sovereign immunity is jurisdictional.  *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007).

---

[3] Saltkill is proceeding *pro se* in this case.  When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  But a party's *pro se* status does not offer them an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

b.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under the Rule 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist."  *Innova Hosp. S.A., L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal-Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery." (Quotation marks and citations omitted)).

In considering a Rule 12(b)(6) motion, the complaint's factual allegations are taken as true, and the facts are to be construed in the light most favorable to the nonmoving party.  *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993).  Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "'[N]aked assertions' devoid of 'further factual

enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not presumed true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

As noted, a court generally cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" in this context, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Serv., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). But if "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, the Court may "consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claim[]." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (internal quotation marks omitted); *see Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (determining reliance on documents attached to a response to a motion to dismiss appropriate where the documents were "sufficiently referenced in the complaint"). It is also

5

"proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). As such, documents in these three categories may be considered without converting the motion to dismiss into a motion for summary judgment.

## II.   Analysis

Saltkill's APA, Mandamus, and Privacy Act claims must be dismissed. Her FOIA claims must be dismissed in part.

### a.   APA and Mandamus Claims (Counts II and IV)

Saltkill's APA and Mandamus claims challenge Defendants' failure to respond to Saltkill's "administrative package" by (1) "issu[ing] a written determination," (2) "provid[ing] a clear accounting," (3) "identify[ing] the appropriate intake channel," and/or (4) "stat[ing] the grounds for acceptance or refusal." ECF No. 29 at 11; 15–17.

#### 1.   APA Claim (Count II)

Saltkill's APA claim must be dismissed for lack of jurisdiction. The APA waives sovereign immunity only when "a plaintiff can [1] identify some agency action affecting him in a specific way and [2] show that he has suffered legal wrong because of the challenged agency action, or is adversely affected or aggrieved by that action within the meaning of a relevant statute." *Harrison Cnty., Mississippi v. United States Army Corps of Eng'rs*, 63 F.4th 458, 462 (5th Cir. 2023) (cleaned up). "'Agency action' can encompass agency *inaction* as well." *Id.* (emphasis in original). And "to be 'adversely affected or aggrieved . . . within the meaning' of a statute, the plaintiff must establish that the injury [they] complain[] of . . . falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for [their] complaint." *Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020) (ellipses in original) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990)).

Even assuming Saltkill has adequately pleaded an "agency action," she has not shown that she has suffered any injury that "falls within the zone of interests sought to be protected by the statutory provision[s] whose violation forms the legal basis for" her APA claim. *Id.* As the basis for her APA claims, Saltkill invokes 31 U.S.C. Sections 3513 and 3123(b). Section 3513 requires the Secretary of the Treasury to "prepare reports that will inform the President, Congress, and the public on the financial operations of the United States Government." 31 U.S.C. § 3513(a). These reports "shall include financial information the President requires." *Id.* Section 3123(b) requires the Secretary to "pay interest due or accrued on the public debt." 31 U.S.C. § 3123(b).

Saltkill complains that Defendants did not respond to her "administrative package." This alleged failure to respond does not implicate "reports that will inform the President, Congress, and the public on the financial operations of the United States Government." Nor does it involve "interest due or accrued on the public debt." Saltkill has thus not shown an injury that falls within 31 U.S.C. Sections 3513 or 3123(b)'s "zone[s] of interests." So she has not established that the APA's sovereign-immunity waiver applies. Saltkill's APA claim (Count II) must be dismissed for lack of jurisdiction.

### 2. Mandamus Claim (Count IV)

Saltkill's Mandamus claim also fails. "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). As noted above, the statutes Saltkill relies on for this claim, 31 U.S.C. Sections 3513 and 3123(b), concern preparing reports and paying interest on the public debt. Saltkill provides no meaningful explanation of how those obligations impose any duty—let alone a "clear duty"—on Defendants to take action in response to her "administrative package." Indeed, courts have described claims

7

similar to Saltkill's—based on a "theory that debtors may issue a bill of exchange requiring the government to pay their debts out of secret trusts"—as "frivolous and a waste of judicial resources." *Harvey v. U.S. Treasury*, No. W-22-CA-789-ADA, 2022 WL 3646162, at *2 (W.D. Tex. Aug. 9, 2022). Saltkill's Mandamus claim must be dismissed.

      b.  Privacy Act Claims (Count III)

In Count III, Saltkill claims that Defendants violated the Privacy Act, 5 U.S.C. § 552a, by (1) failing to provide Saltkill access to certain records in violation of 5 U.S.C. Section 552a(d) and (2) failing "to maintain accurate and complete records concerning Plaintiff" in violation of 5 U.S.C. Section 552a(e)(5).

      *1.  Access to Records*

Section 552a(d)(1) provides that

> [e]ach agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence.

A "system of records" is "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). Section 552a(g)(1)(B) allows an individual to sue if an agency "refuses to comply with an individual request under subsection (d)(1)."

The "threshold issue" in a denial-of-access claim under the Privacy Act "is whether the records sought by the plaintiff are maintained in a 'system of records' retrievable by an 'identifying particular assigned to' the plaintiff." *Bettersworth v. F.D.I.C.*, 248 F.3d 386, 391 (5th Cir. 2001).

Saltkill has provided no allegations to suggest that any records she seeks are maintained in such a "system of records."

### 2. Maintenance of Accurate and Complete Records

Section 552a(e)(5) provides that "[e]ach agency that maintains a system of records shall . . . maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." Saltkill states that, "[o]n information and belief," Defendants maintain records that (a) "mischaracterize Plaintiff's lawful tendered instruments;" (b) "misstate or fail to state her fiduciary capacity;" (c) "fail to record the status, routing, posting, or endorsement of those instruments; or" (d) "imply continuing liability or surety status to Plaintiff in a manner that is inaccurate, incomplete, or misleading." ECF No. 29 at 13. These allegations lack the factual specificity required to state a claim. *Iqbal*, 556 U.S. at 678 ("'[N]aked assertions' devoid of 'further factual enhancement'" are not presumed true.). As a result, Saltkill's Privacy Act claims fail.

### c. FOIA Claims (Count I)

Finally, Saltkill brings claims under FOIA, based on Defendants' alleged failure to act on Saltkill's two FOIA requests. When the Operative Complaint was filed, Saltkill had just filed an administrative appeal regarding her August FOIA request, and her October request was still pending. ECF No. 29 at 9–10. As to the October request, Saltkill has failed to state a claim because she did not plead that Defendants failed to respond to the request in the required timeframe.

As to the August request, Defendants argue that Saltkill has not exhausted her administrative remedies, because the complaint does not indicate the outcome of her administrative appeal. "To seek judicial review of an agency response, or the lack of one, to a FOIA request, a

plaintiff must first exhaust all of their administrative remedies." *Eakin v. U.S. Dep't of Def.*, No. 5:16-CV-0972-RCL, 2024 WL 3952593, at *2 (W.D. Tex. Aug. 23, 2024) (citing *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993)). "But, consistent with 5 U.S.C. [Section] 552(a)(6)(C), '[i]f an agency has not complied within the statutory time limits of [a] FOIA request, the requester shall be deemed to have exhausted his administrative remedies and [may] bring suit.'" *Matthews v. Exec. Off. of U.S. Att'ys*, No. 21-50829, 2022 WL 1055178, at *1 (5th Cir. Apr. 8, 2022) (second and fourth alterations in original) (citing *Voinche*, 999 F.2d at 963). A suit brought under Section 552(a)(6)(C) "challenges only the timeliness of an agency's response." *Id.*

Insofar as Saltkill asserts that she should ultimately have access to the information sought in her August request, her FOIA claims must be dismissed for failure to exhaust administrative remedies. *See id.* ("[A] suit [brought] pursuant to § 552(a)(6)(C) challenges only the timeliness of an agency's response." (alterations in original)); *Rahim v. F.B.I.*, 947 F. Supp. 2d 631, 639 (E.D. La. 2013) ("Exhaustion of administrative remedies includes exhaustion of the administrative appeal process.").

But Saltkill also challenges Defendants' alleged failure to *make a timely determination* on her August FOIA request. As to that portion of her claim, she is deemed to have exhausted her administrative remedies. *See Matthews*, 2022 WL 1055178, at *1; 5 U.S.C. § 552(a)(6)(C). "To trigger the exhaustion requirement, an agency must make and communicate its 'determination' whether to comply with a FOIA request—and communicate 'the reasons therefor'—within 20 working days of receiving the request, or within 30 working days in 'unusual circumstances.'" *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013) (citing 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i)).

> [T]o make a "determination" within the statutory time periods and thereby trigger the administrative exhaustion requirement, the agency need not actually produce

the documents within the relevant time period.  But the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents.

*Id.* at 182–83.

Saltkill made the relevant FOIA request on August 4, 2025.  Defendants had allegedly not made a determination on the request as of October 26, 2025.  Over thirty working days passed between those dates.  So, even assuming "unusual circumstances" were present, Saltkill has adequately alleged that Defendants exceeded the statutory time limit to make a determination on the August FOIA request.  She is thus deemed to have exhausted her administrative remedies insofar as she challenges the timeliness of Defendants' response to that request.

Defendants do not address Section 552(a)(6)(C) and do not raise any argument for the dismissal of Saltkill's FOIA claims aside from exhaustion.  *See* ECF No. 31 at 10–12.  They also do not claim to have made a determination on Saltkill's August FOIA request, which would render her sole remaining claim in this case moot.  *See Voinche*, 999 F.2d at 963.

Saltkill's FOIA claims are dismissed insofar as they challenge anything beyond the timeliness of Defendants' response to Saltkill's August 4, 2025, FOIA request.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff's claims for Mandamus, under the APA, and under the Privacy Act are **DISMISSED.**  Her FOIA claims are **DISMISSED** except insofar as they challenge the timeliness of Defendants' determination on Saltkill's August 4, 2025, FOIA request.  The only claim remaining in this suit is under FOIA, challenging Defendants' failure to timely respond to Saltkill's August 4, 2025, FOIA request.

It is so **ORDERED**.

**SIGNED** this 2nd day of June, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE